IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTH DISTRICT OF FLORIDA, CIVIL DIVISION

MARY E. SLATER,

         CASE NO.: 17-cv-61300

    Plaintiff,

vs.         JURY TRIAL DEMANDED

ERIN CAPITAL MANAGEMENT,
LLC and ELTMAN LAW, P.C., P.A.

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff Mary E. Slater (*hereinafter* "Plaintiff) by and through her undersigned counsel bring this action for damages resulting from Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (*hereinafter* "FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et seq*. (*hereinafter* "FCCPA") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### I.    JURISDICTION AND VENUE

    1.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

    2.    Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### II.    PARTIES

3. Plaintiff Mary E. Slater is a natural person residing in the County of Broward and State of Florida and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

4. Defendant Erin Capital Management, L.L.C. is a foreign business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

5. Defendant Eltman Law, P.C., P.A. is a foreign business corporation organized and existing under the laws of the State of New Jersey and is a "debt collector" as the term in defined by 15 U.S.C. §1692a(6).

6. Defendants regularly attempt to collect debts alleged to be due to another.

7. That at all times relevant herein, Eltman Law, P.C., P.A. acted as agent for Erin Capital Management, L.L.C.

8. That all of the acts of Eltman Law, P.C., P.A. alleged herein were done within the scope of their agency relationship with Erin Capital Management, L.L.C.

9. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

10. All references to "Defendants" herein shall mean the Defendants or an employee of the Defendants.

### III.     FACTUAL ALLEGATIONS

11. The Plaintiff incurred a debt from her original creditor GECC - Brandsmart. This debt will be referred to as "the subject debt."

12. The subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. Plaintiff thereafter allegedly defaulted on the subject debt.

14. Upon information and belief, Defendant Erin Capital Management, L.L.C. acquired the debt sometime after the alleged default from GECC – Brandsmart.

15. Upon information and belief, Defendant Eltman Law, P.C., P.A. was then employed to collect on the subject debt.

16. On or about September 27, 2006, Plaintiff was sued by Defendant Erin Capital Management, L.L.C. in the City of Hollywood, FL, case number COSO 06-009340. A default judgment in favor of Erin Capital Management, L.L.C. was entered on January 19, 2007 for $4,395.02 plus interests and costs.

17. Since January 19, 2007, Plaintiff has made regular payments totaling at least $5,100 to Defendant Erin Capital Management, L.L.C to satisfy the 2007 judgment.

18. On or about February 6, 2017, Defendant Eltman Law., P.C., P.A. filed its Notice of Appearance on behalf of Defendant Erin Capital Management, L.L.C. and filed its Post-Judgment Motion for Continuing Writ of Garnishment of Wages/Salary indicating that Defendant did not believe that Plaintiff has in her possession at the present time, sufficient assets to satisfy the final judgment balance which it claimed was "now outstanding in the amount of $4,395.02, which excludes post-judgment interest and costs."

19. Defendants own records indicated Plaintiff owed significantly less than $4,395.02 on February 6, 2017.

20. Relying on Defendants' misrepresentation of the amount due and owing on the debt, the court issued an order directing Plaintiff's employer to garnish her wages for $4,395.02, the full amount of the 2007 judgment.

21. Relying on Defendant's misrepresentations of the amount due and owing on the debt, the court ordered that Plaintiff's employer not release these funds until further order of the court.

22. As a result of Defendants misrepresentations, Plaintiff was forced to hire counsel to represent her in the garnishment action.

23. The Continuing Writ of Garnishment of Wages/Salary notice was sent to the Plaintiff's employer at the direction of Defendant Eltman Law, P.C., P.A.

24. On or about March 8, 2017, Plaintiff's employer received a copy of the Continuing Writ of Garnishment Against Salary or Wages from Harmonic Enterprises LLC on behalf of Defendant Erin Capital Management, L.L.C.

25. Plaintiff's employer communicated to Plaintiff they would hold twice as much as the judgment for a total of $8,790.04 back from her wages in order to ensure that the garnishment would be sufficient to cover the amount of principal, interest, and costs.

26. On or about March 14, 2017, and every two weeks thereafter Plaintiff's paycheck was garnished in the bi-weekly amount of $551.99.

27. On or about June 7, 2017 Defendants sent a letter to Plaintiff confirming that she in fact did not owe $4,395.02 on the judgment and the balance due and owing was actually only $1,530.47.

28. At all times from when Defendants filed the motion for writ of garnishment until present, Defendants maliciously, intentionally and/or recklessly misrepresented the amount that remained due and owing on the 2007 debt.

29. As a result of Defendants' acts, Plaintiff became nervous, upset, anxious, embarrassed, frustrated, depressed, annoyed, and suffered from financial and emotional distress.

30. As a result of Defendants' acts Plaintiff has been unlawfully deprived of the use of money she has earned through her employment as a public school teacher.

31. As a result of Defendants' acts Plaintiff has been forced to borrow money to pay her living expenses and basic necessities.

32. As a result of Defendants' acts Plaintiff was forced to hire and pay an attorney to represent her in the garnishment action to stop Defendants unlawful garnishment.

33. Plaintiff agreed with her attorneys that in the event she was the prevailing party in the garnishment action she would pay her attorneys' their reasonable hourly rate of attorneys' fees.

34. On June 20, 2017, Defendants filed a voluntary dismissal of the unlawful garnishment action, and therefore Plaintiff was the prevailing party in the garnishment action.

35. Plaintiff has hired the undersigned counsel to represent her in this action, and has agreed to pay her attorneys their reasonable hourly rate for hours expended in this action.

### IV.     CLAIMS

### COUNT I: VIOLATION OF 15 U.S.C. § 1692 *et seq.* (FDCPA)

36. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 35 above.

37. The conduct of Defendants as described in this Complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*) as follows:

> a. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. § 1692e(8), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by falsely representing the character, amount, and legal status of the 2007 judgment to both the Plaintiff and to the court, and by causing Plaintiff's

wages to be garnished or otherwise withheld by her employer for amount in excess of what was actually due and owing.

38. Defendant, Erin Capital Management, L.L.C., is liable for all of the acts of Defendant, Eltman Law, P.C., P.A. as alleged in this Complaint pursuant to the laws of agency.

39. As a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious, embarrassed, frustrated, depressed, annoyed, and suffered from financial and emotional distress.

40. As a result of Defendants' acts Plaintiff has been unlawfully deprived of the use of money she has earned through her employment a public school teacher.

41. As a result of Defendants' acts Plaintiff has been forced to borrow money to pay her living expenses and basic necessities.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against each Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k;

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and;

(d) For such other and further relief as may be just and proper.

**COUNT II: VIOLATION OF FLA. STAT. § 559.72 *et seq.* (FCCPA)**

42. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 41 above.

43. At all times relevant to this action Defendants are subject to and must abide by the law of Florida, including Florida Statute § 559.72.

44. The conduct of Defendants as described in this Complaint violated the Florida Consumer Collection Practices Act (Fla. Stat. § 559.72) as follows:

    a. Defendants violated Fla. Stat. § 559.72(6)–(7) and § 559.72(9) by falsely representing the character, amount, and legal status of the 2007 judgment to both the Plaintiff and to the court, and by causing Plaintiff's wages to be garnished or otherwise withheld by her employer for amount in excess of what was actually due and owing.

45. That Defendant, Erin Capital Management, L.L.C., is liable for all of the acts of Defendant, Eltman Law, P.C., P.A. as alleged in this Complaint pursuant to the laws of agency.

46. That as a result of the Defendant's FCCPA violations as alleged herein, Plaintiff became nervous, upset, anxious, embarrassed, frustrated, depressed, annoyed, and suffered from financial and emotional distress.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against each Defendant pursuant to Fla. Stat. §559.77 for:

(a) Actual damages;

(b) Statutory damages;

(c) Costs, disbursements and reasonable attorney's fees; and

(d) For such other and further relief as may be just and proper.

**COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

47. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 46 above.

48. At all times relevant to this action Defendants are subject to and must abide by the law of Florida.

49. Defendants' intentional claiming, attempting and threatening to enforce a debt when such person knows that the debt is not legitimate has inflicted on the Plaintiff emotional distress in violation in Florida law.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against each Defendant for:

(a) Actual damages;

(b) Punitive Damages;

(c) Costs, prejudgment interest, post judgment interest, disbursements, and reasonable attorney's fees; and

(d) For such other and further relief as may be just and proper.

## COUNT IV: NEGLIGENCE

50. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 49 above.

51. At all times relevant to this action Defendants are subject to and must abide by the law of Florida.

52. A negligence claim has four elements: (1) a duty by defendant to conform to a certain standard of conduct; (2) a breach by defendant of that duty; (3) a causal connection between the breach and injury to plaintiff; and (4) loss or damage to plaintiff. *Clay Elec. Co–Op., Inc. v. Johnson,* 873 So.2d 1182, 1185 (Fla.2003) (quoting *Prosser & Keaton on the Law of Torts* 164–65 (W. Page Keeton ed., 5th ed. 1984)).

53. Defendants had a duty to abide by the Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*) and Florida Statute § 559.72.

54. Defendants breached that duty by garnishing Plaintiff's wages for incorrect amounts which were fully and/or partially satisfied.

55. As a direct and proximate cause of Defendants breach of the Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*) and Florida Statute § 559.72, the Plaintiff has suffered both economic and non-economic damages.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against each Defendant for:

(a). Actual damages;

(b). Punitive Damages;

(c). Costs, prejudgment interest, post judgment interest, disbursements, and reasonable attorney's fees; and

(d). For such other and further relief as may be just and proper.

### V.   PUNITIVE DAMAGES

56. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 55 above.

57. At all times relevant to this action Defendants are subject to and must abide by the law of Florida, and are subject to a claim for punitive damages if their conduct is prohibited pursuant to Florida Statute § 768.72.

58. Defendants have violated Florida Statute § 768.72 because the Defendants have engaged in intentional misconduct or gross negligence as defined by Fla. Stat. § 768.72(2)(a) and Fla. Stat. § 768.72(2)(b).

59. Additionally, Plaintiff seeks to recover against the Defendants pursuant to their violation of Fla. Stat. § 768.72(3).

60. Accordingly, Plaintiff respectfully requests that the Court award her punitive damages against the Defendants for willfully, maliciously, intentionally, and/or reckless misrepresenting the character, amount and/or legal status of a debt to both the Plaintiff and the court in an attempt to collect monies it knew they could not legally collect, and for causing Plaintiff's wages to be garnished and or held back for amounts in excess of what could legally be collected.

**WHEREFORE,** Plaintiff respectfully requests that punitive damages be entered against each Defendant and for such other and further relief as may be just and proper.

### VI.   INJUNCTIVE RELIEF

61. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 60 above.

62. Federal district courts have inherent power to issue equitable relief.  In addition to this inherent authority, declaratory relief is available under the Declaratory Judgment Act whenever there is a case of actual controversy.  28 U.S.C. §§ 2201, 2201.  *See also Califano v. Yamasaki*, 442 U.S. 682, 705 (1979) (holding that "[a]bsent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits which they have jurisdiction.")

63. Law and equity have merged to create only one form of action, a civil action. *See* Fed. R. Civ. P. 2.

64. Accordingly, Plaintiff respectfully requests that the Court award her injunctive relief in the form of a stay regarding Defendant's flagrant and ongoing attempts to take action against the Plaintiff when Defendants know that the action cannot legally be taken, including, but not limited

to relief in the form of a stay on any future garnishment actions by the Defendants against the Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests that injunctive relief be entered against each Defendant and for such other and further relief as may be just and proper.

### VII.  JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action on all claims.

Dated: June 30, 2017                                                          Respectfully submitted,

/s/ *Gregory Light*
**Gregory Light, Esq.**
Florida Bar. No.: 120907
**Anthony Gonzalez, Esq.**
Florida Bar No.: 119756
Light & Gonzalez, PLLC
Plantation, FL 33324
Telephone: 754-900-6545
Facsimile: 754-203-2700
anthony@lightgonzalezlaw.com
greg@lightgonzalezlaw.com
Service E-mail address:
service@lightgonzalezlaw.com